UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LY TRI,<br><br>    Plaintiff,<br><br>  v.<br><br>C. GUTIERREZ, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00836 SKO (PC)<br><br>**ORDER DENYING *IN FORMA PAUPERIS* APPLICATION WITHOUT PREJUDICE**<br><br>(Doc. 2)<br><br>**ORDER TO RESUBMIT COMPLETED *IN FORMA PAUPERIS* APPLICATION OR TO PAY FILING FEE WITHIN 30 DAYS** |

Plaintiff Ly Tri, a state prisoner, is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On July 8, 2022, Plaintiff filed an Application to Proceed *In Forma Pauperis* by a Prisoner. (Doc. 2.) Plaintiff declared he was unable to pay the filing fee, was unemployed, did not receive any money from a business, profession or self-employment, rent payments, interest or dividends, pensions, annuities or life insurance payments, disability or workers' compensation payments, gifts or inheritance, nor from "[a]ny other sources." (*Id*. at 1-2.) Plaintiff did not provide an answer to the question, "Do you have cash (includes balance of checking or savings account(s)?" (*Id*. at 2.) He denied owing any real estate, stocks, bonds, security or other financials instruments, automobiles or other valuable property. (*Id*.) He also denied having "any other

assets." (*Id.*)

On July 12, 2022, a Prisoner Trust Fund Account Statement was filed with the Court. (Doc. 6.)

For the reasons set forth below, the undersigned denies Plaintiff's application to proceed *in forma pauperis* (IFP), without prejudice, and orders that Plaintiff resubmit a properly completed IFP application or pay the $402 filing fee within 30 days.

## II.     DISCUSSION

Proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed IFP, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar,'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted). In addition, courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.")

Here, Plaintiff has did not answer Question 4 of the IFP application: Do you have cash (includes balance of checking or savings account)? (*See* Doc. 2 at 2.)  Plaintiff's IFP application is therefore incomplete.

Plaintiff also answered "No" to Question 3(f) regarding whether he has received any money in the past twelve months from "[a]ny other sources." However, the certified account statement submitted on July 12, 2022, reflects two entries that should be explained: (1) "JPAY" in the sum of $75 credited on March 25, 2022; and (2) "JPAY" in the sum of $200 credited on May 22, 2022.  This appears to be income from another source.

Finally, the certified account statement reveals that on July 7, 2022, deposits of $1,200, $600, and $36.46 were credited to Plaintiff's inmate trust account, reflecting an account balance[1] of $2,263.81 on that date. (Doc. 6 at 1.) These deposits are identified as "INMATE SPECIAL DEPOSIT – DO/CS ONLY" and "MISC. INCOME (EXEMPT)." (*Id.*) Those same sums are also reflected on the "Encumbrance List" as "Negotiable Hold Instruments" as of July 7, 2022. (*Id.*) Although the deposits were made, encumbered, or held after Plaintiff's signed the IFP application submitted with his complaint, Plaintiff needs to explain these entries. Because this may be income from another source, it should be addressed in a completed IFP application—should Plaintiff elect to submit one.[2]

### III.     CONCLUSION AND ORDER

For the reasons explained above, the undersigned finds Plaintiff's IFP application, filed July 8, 2022, is incomplete. As a result, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP application filed July 8, 2022 (Doc. 2) is DENIED without prejudice;
2. Plaintiff must submit a properly completed IFP application within **30 days** of the date of service of this Order, or, alternatively, Plaintiff must pay the filing fee of $402; and
3. The Clerk of the Court is directed to serve Plaintiff with a blank Application to Proceed In Forma Pauperis by a Prisoner form along with this Order.

**Plaintiff is cautioned that a failure to comply with this Order will result in a recommendation that this action be dismissed for a failure to comply with a court order**.

IT IS SO ORDERED.

Dated:   **July 14, 2022**                        /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The "Account Balance" along the right side of the page is not to be confused with the "Current Available Balance" provided at the top of the page.

[2] The application directs an applicant to explain this type of income immediately after Question 3(f): "If the answer to any of the above is "yes," describe by that item each source of money, state the amount received, as well as what you expect you will continue to receive (attach an additional sheet if necessary)."