UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LY TRI,<br><br>    Plaintiff,<br><br>  v.<br><br>C. GUTIERREZ, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00836 SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>**21-DAY DEADLINE** |

Plaintiff Ly Tri is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case proceeds against Defendant Gutierrez for a violation of the First Amendment and against Defendant McNutt for a violation of the Fifth and Fourteenth Amendments.

On July 26, 2023, Defendant McNutt filed a motion to dismiss based upon a lack of subject matter jurisdiction. (*See* Doc. 16.) Pursuant to Local Rule 230(*l*), Plaintiff's opposition or statement of non-opposition to the motion was to be filed "not more than twenty-one (21) days after the date of service of the motion."[1] Although more than 21 days have passed, Plaintiff has failed to file an opposition or statement of non-opposition to Defendant's motion.

---

[1] Defendant McNutt's motion advised Plaintiff his written opposition to the motion "must be filed not more than twenty-one days after the date of service of the Motion, plus three days, if service is by mail." (Doc. 16 at 2.)

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's orders and the Local Rules. Alternatively, within that same time, Plaintiff may file his opposition or statement of non-opposition to the motion to dismiss for a lack of subject matter jurisdiction filed by Defendant McNutt.

**Failure to comply with this order may result in a recommendation that this action be dismissed for a failure to obey Court orders.**

IT IS SO ORDERED.

Dated:   **August 23, 2023**                        /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE