UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LY TRI,<br><br>            Plaintiff,<br><br>    v.<br><br>C. GUTIERREZ, et al.,<br><br>            Defendants. | Case No.: 1:22-cv-00836-ADA-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE** |

Plaintiff Ly Tri is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on July 8, 2022. (Doc. 1.)

Following screening and service of process, the action proceeded on Plaintiff's First Amendment retaliation claim against Defendant D. Gutierrez and Fourteenth Amendment due process claim against Defendant J. McNutt. (*See* Docs. 9 & 10.)

On July 26, 2023, Defendant McNutt filed a motion to dismiss based upon a lack of subject matter jurisdiction. (*See* Doc. 16.) Pursuant to Local Rule 230(*l*), Plaintiff's opposition or statement of non-opposition to the motion was to be filed "not more than twenty-one (21) days after the date of service of the motion." Plaintiff failed to file an opposition or statement of non-

opposition to Defendant's motion within that time-period.

On July 31, 2023, the Court granted Defendant Gutierrez's motion to stay the responsive pleading deadline—whether solely as to Gutierrez or jointly as to Gutierrez and McNutt—pending the outcome of Defendant McNutt's motion to dismiss. (Doc. 18.)

On August 23, 2023, this Court issued its Order to Show Cause ("OSC") in Writing Why Action Should Not be Dismissed for Failure to Obey Court Orders. (Doc. 20.) Plaintiff was ordered to respond within 21 days, to show cause why the action should not be dismissed, or, alternatively, to file his opposition or statement of non-opposition to the pending motion to dismiss. (*Id*. at 2.) Although more than 21 days have passed, Plaintiff has failed to respond to the OSC.

## II.   DISCUSSION

### A.   Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

Here, Plaintiff has failed to file either an opposition or statement of non-opposition to Defendant McNutt's motion to dismiss in compliance with Local Rule 230(*l*). Plaintiff has also failed to respond to the Court's OSC. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendant McNutt's motion to dismiss advised Plaintiff his "[w]ritten opposition to this Motion must be filed not more than twenty-one days after the date of service of the Motion, plus three days, if service is by mail." (Doc. 16 at 2.) Further, the Court's July 28, 2023, Order noted "Plaintiff's opposition to the motion is due within 21 days of service of that motion." (Doc. 18 at 1.) The Court's August 23, 2023, OSC directed Plaintiff to respond within 21 days. (Doc. 20.) Although more than 21 days have passed since service of the OSC, Plaintiff failed to comply with the Court's order to respond. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to comply with the Local Rules and this Court's OSC, or to otherwise contact the Court, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's August 23, 2023, OSC stated: "**Failure to comply with this order may result in a recommendation that this action be dismissed for a failure to obey Court orders.**" (Doc. 20 at 2.) Additionally, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued July 11, 2022, Plaintiff was advised: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) Finally, although not a warning by the Court, Defendant McNutt's motion to dismiss warned Plaintiff that "Local Rule 230(*l*) provides that the failure to oppose a motion 'may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.' Thus, the Court may deem Plaintiff's failure to oppose Defendant McNutt's Motion as a waiver and may recommend that the Motion be granted on that basis." (*See* Doc. 16 at 2.) Therefore, Plaintiff had adequate warning that dismissal could result from his noncompliance. The fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules and orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's Local Rules and orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.   CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 20, 2023**                         /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE