UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LY TRI,<br><br>   Plaintiff,<br><br>   v.<br><br>C. GUTIERREZ, et al.,<br><br>   Defendants. | Case No.: 1:22-cv-00836-ADA-SKO (PC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>(Doc. 23)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE OPPOSITION TO MOTION TO DISMISS WITHIN 30 DAYS**<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

Plaintiff Ly Tri is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on July 8, 2022. (Doc. 1.)

Following screening and service of process, the action proceeded on Plaintiff's First Amendment retaliation claim against Defendant D. Gutierrez and Fourteenth Amendment due process claim against Defendant J. McNutt. (*See* Docs. 9 & 10.)

On July 26, 2023, Defendant McNutt filed a motion to dismiss for lack of subject matter jurisdiction. (*See* Doc. 16.) Pursuant to Local Rule 230(*l*), Plaintiff's opposition or statement of non-opposition to the motion was to be filed "not more than twenty-one (21) days after the date of service of the motion." Although more than 21 days have passed, Plaintiff has not filed an opposition or a statement of non-opposition to Defendant's motion.

On July 31, 2023, the Court granted Defendant Gutierrez's motion to stay the responsive pleading deadline as to Gutierrez or jointly as to Gutierrez and McNutt pending the outcome of Defendant McNutt's motion to dismiss. (Doc. 18.)

On August 23, 2023, this Court issued its "Order to Show Cause ("OSC") in Writing Why Action Should Not be Dismissed for Failure to Obey Court Orders." (Doc. 20.) Plaintiff was ordered to respond within 21 days, to show cause why the action should not be dismissed, or, alternatively, to file his opposition or statement of non-opposition to the pending motion to dismiss. (*Id*. at 2.) More than 21 days elapsed, and Plaintiff failed to respond to the OSC.

On September 20, 2023, the Court issued Findings and Recommendations to dismiss this action for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 23.) Plaintiff was ordered to file any objections within 14 days. (*Id*. at 4-5.)  On October 16, 2023,[1] Plaintiff filed his objections. (Doc. 25.)

**II.    DISCUSSION**

In his objections, Plaintiff apologizes for failing to comply with the Court's OSC and states he is "new to all these rules and court procedural" and is "lost and confuse[d]." (Doc. 25 at 1.) Plaintiff contends he has sought legal advice from other prisoners "which lead to failure to obey court order." (*Id*.) He states he "need helps, or a little more time to find someone to help" him with "this court's order, and all them rules and court procedural." (*Id*.) Plaintiff asserts Defendant McNutt's motion to dismiss should be denied because his due process rights have been denied and McNutt's "corporal punishment against the Plaintiff" violated the "8th Amendment." (*Id*. at 1-2.) Plaintiff contends he "served and suffered the full affect" of the constitutional violation and "the defendant should not pro se punish." (*Id*. at 2.) He asserts the law is based on

---

[1] The objections are dated October 11, 2023.

"commonsense and fairness" and no one is above the law. (*Id.*) Plaintiff contends his "mail is being rerouond from prison to prison" before it is delivered to him. (*Id.*) He has been transferred recently from Kern Valley State Prison to Centinela State Prison and his legal mail, including the Court's findings, was not delivered until October 6, 2023. (*Id.*) Plaintiff contends he is doing everything he can "to get this document out as soon" as he can, and that he was told he had "to make copy for the Attorney General but [his] access to the law library is limited." (*Id.*)

### A. The Findings and Recommendations Will Be Vacated

In this Court's Findings and Recommendations issued September 20, 2023, Plaintiff was ordered to file any objections within 14 days of the date of service. (Doc. 23.) On October 11, 2023, Plaintiff served his objections to the Court's findings. (Doc. 25.) Although Plaintiff's objections are untimely by almost two weeks, the Court will vacate its Findings and Recommendations to dismiss this action because Plaintiff contends he did not receive his legal mail until October 6, 2023, and was unable to respond in a timely fashion.

### B. Plaintiff's Must File An Opposition To Defendant McNutt's Motion to Dismiss Within 30 Days

Defendant McNutt filed a motion to dismiss on July 26, 2023. (Doc. 16.) That motion has been pending for nearly three months without a response from Plaintiff. Plaintiff will be given **one final opportunity** to file an opposition to the motion to dismiss.

The Court is aware that Plaintiff is proceeding pro se and is unfamiliar with court rules and procedures. It is however Plaintiff's obligation to follow court rules and procedures, despite his pro se status. Plaintiff was advised in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued July 11, 2022, that he "must comply" with the Federal Rules of Civil Procedure and this Court's Local Rules. (Doc. 3 at 1.) Plaintiff was warned that a failure to comply would "be grounds for imposition of sanctions which may include dismissal of the case." (*Id.*) Plaintiff was also advised that once "an attorney for a defendant appears in a pro se plaintiff's civil rights action (by filing an answer, a motion to dismiss, a motion for summary judgment, etc.), that attorney's office will receive notice of all filing through the Court's electronic filing system (ECM/ECF). *A pro se plaintiff need not serve documents on counsel for a*

3

*defendant*; the date of the electronic Notice from ECM/ECF is the date of service." (*Id*. at 4, emphasis added.) Plaintiff was also warned that he "must keep the Court and opposing parties informed of [his] correct address" and that if he "moves to a different address without filing and serving a notice of change of address, documents served at [his] old address of record shall be deemed received even if not actually received." (*Id*. at 5.)

Plaintiff initiated this action by filing his complaint and must timely prosecute his case. It is Plaintiff's obligation to familiarize himself with the applicable rules and procedures to the best of his ability—an obligation that extends to all pro se plaintiffs. Plaintiff is encouraged to carefully review the Court's First Informational Order issued and served on July 11, 2022.

Next, as noted above, Plaintiff is not required to "make [a] copy for the Attorney General" (Doc. 25 at 2) of any document he serves because the Attorney General's Office will receive the document through ECM/ECF on the same date it is filed with the Court.

The Court notes Plaintiff has failed to file a notice of change of address despite being directed to do so in the First Informational Order.[2] Instead, Plaintiff's objections reference a transfer from Kern Valley State Prison, the address on currently on file with the Court, to Centinela State Prison. (Doc. 25 at 2.) That reference is insufficient to provide the Court and the opposing parties with notice of Plaintiff's change of address. As a one-time courtesy, the Court will direct the Clerk of the Court to change Plaintiff's address to reflect the fact he is now housed at Centinela State Prison. However, Plaintiff is warned that if he is transferred from Centinela State Prison to another facility and fails to file a notice of change of address, as advised in the First Informational Order, any documents served to Plaintiff's old address will be deemed received even if not actually received. It is Plaintiff's obligation to keep the Court apprised of his current address. *See* Local Rule 182(f).

### C. Request for the Appointment of Counsel

In his objections to the Court's findings, Plaintiff states he needs "legal counsel" to help him. (*See* Doc. 25 at 1.)

---

[2] The First Informational Order also provided a blank Notice of Change of Address form for Plaintiff's use. (Doc. 3 at 5.)

4

### 1. Applicable Legal Standards

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998).

### 2. Analysis

The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. While Plaintiff's complaint was screened as required by 28 U.S.C. § 1915A(a) (*see* Doc. 9), Defendant McNutt has filed a motion to dismiss the complaint for a lack of subject matter jurisdiction (*see* Doc. 16) and briefing is ongoing. Therefore, it is premature to determine that there is a likelihood of success on the merits. *See, e.g.*, *Brookins v. Hernandez,* No. 1:17-cv-01675-AWI-SAB, 2020 WL 8613838, at *1 (E.D. Cal. June 11, 2020) (premature to determine likelihood of success on the merits where defendants have filed a motion for summary judgment); *Garcia v. Smith*, No. 10CV1187 AJB RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying appointment of counsel where prisoner's complaint survived defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but it was "too early to determine" whether his adequately pleaded claims were likely to succeed on the merits, or even survive summary judgment). A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has

sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening.

The Court finds this case does not present exceptional circumstances that would warrant the appointment of counsel. Considering the legal issues involved, the Court finds Plaintiff able to articulate his claims in light of their complexity. *Rand*, 113 F.3d at 1525. In its First Screening Order, the Court determined Plaintiff had plausibly alleged a First Amendment retaliation claim against Defendant Gutierrez and a due process violation against Defendant McNutt. (Doc. 9 at 5-8.) Neither claim is complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Randolph v. Hall*, No. 1:20-cv-01434-JLT-SKO (PC), 2023 WL 6626437, at *2 (E.D. Cal. Oct. 11, 2023) ("The Court finds those retaliation claims are not complex"); *Bowell v. Montoya*, No. 1:17-cv-00605-LJO-GSA-PC, 2018 WL 4772030, at *1 (E.D. Cal. Oct. 1, 2018) ("Plaintiff's claims - - for retaliation, due process, and failure to protect Plaintiff - - are not complex"). Thus, the Court finds Plaintiff can articulate his claims in light of their complexity.

Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331; *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Plaintiff is also advised that an inability to afford to hire counsel is not an exceptional circumstance warranting the appointment of counsel. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *see also Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) (an inability to find counsel is not a proper factor for the Court to consider). Nor is limited access to the law library an exceptional circumstance because limited law library access is a circumstance common to most prisoners. *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Vasquez v. Moghaddam*, No. 2:19-cv-01283 AC P, 2022 WL 2133925, at *1 (E.D. Cal. June 14, 2022) ("despite his currently reduced access to the prison law library, the instant motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case law").

Finally, while the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The test is whether exceptional circumstances exist, and here, they do not. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the

7

appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III. CONCLUSION AND ORDERS

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations (Doc. 23) issued September 20, 2023, are **VACATED**;
2. Plaintiff **SHALL** file an opposition to Defendant McNutt's motion to dismiss **within 30 days** of the date of service of this order. No further extensions of this deadline will be entertained;
3. The Clerk of the Court is **DIRECTED** to change Plaintiff's address from Kern Valley State Prison to Centinela State Prison as a one-time courtesy; and
4. Plaintiff's request for the appointment of counsel is **DENIED**.

**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **October 18, 2023**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

8