UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LY TRI,<br><br>          Plaintiff,<br><br>     v.<br><br>C. GUTIERREZ, et al.,<br><br>          Defendants. | Case No.: 1:22-cv-00836-KES-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT McNUTT'S MOTION TO DISMISS**<br><br>(Doc. 16)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Ly Tri is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff filed a complaint on July 8, 2022. (Doc. 1.) Following screening and service of process, the action proceeds on Plaintiff's First Amendment retaliation claim against Defendant D. Gutierrez and Fourteenth Amendment due process claim against Defendant J. McNutt. (*See* Docs. 9 & 10.)

On July 26, 2023, Defendant McNutt filed a motion to dismiss for lack of subject matter jurisdiction. (*See* Doc. 16.) The following day, Defendant Gutierrez filed a motion to stay the responsive pleading deadline pending the Court's ruling on Defendant McNutt's motion to dismiss. (Doc. 17.) On July 31, 2023, the Court granted Defendant Gutierrez's motion to stay the

responsive pleading deadline as to Gutierrez or jointly as to Gutierrez and McNutt pending the outcome of Defendant McNutt's motion to dismiss. (Doc. 18.)

On August 23, 2023, the Court issued its "Order to Show Cause Why Action Should Not be Dismissed for Failure to Obey Court Orders" ("OSC"). (Doc. 20.) Plaintiff was ordered to respond within 21 days to show cause why the action should not be dismissed or file an opposition or a statement of non-opposition to the pending motion to dismiss. (*Id*. at 2.) Although more than 21 days have passed, Plaintiff has failed to respond to the OSC.

On September 20, 2023, the Court issued Findings and Recommendations to dismiss this action for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 23.) Plaintiff was ordered to file any objections within 14 days. (*Id*. at 4-5.)  On October 16, 2023, Plaintiff filed his objections, stating he was unfamiliar with the rules and procedure and needed more time and legal assistance. (Doc. 25.)

On October 18, 2023, the Court vacated the Findings and Recommendations, denied Plaintiff's request for the appointment of counsel, and ordered Plaintiff to file an opposition to the motion to dismiss within 30 days. (Doc. 26.)

Plaintiff filed his opposition on November 22, 2023 (Doc. 27) and Defendant McNutt replied on December 4, 2023 (Doc. 29).

**II.     APPLICABLE LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp*., 594 F.2d 730, 733 (9th Cir. 1979). When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. *Safe Air for*

1  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a
2  facial attack, the Court must consider the factual allegations of the complaint to be true and
3  determine whether they establish subject matter jurisdiction. *Savage v. Glendale High Union Sch.*
4  *Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion
5  to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject
6  matter jurisdiction. *Id*.

7  In the case of a factual attack, district courts "may review evidence beyond the complaint
8  without converting the motion to dismiss into a motion for summary judgment." *Safe Air for*
9  *Everyone*, 373 F.3d at 1039. In that instance, "[n]o presumptive truthfulness attaches to plaintiff's
10 allegations." *Thornhill*, 594 F.2d at 733 (internal citation omitted). The burden to demonstrate
11 subject matter jurisdiction is on the party asserting the claim. *See Harris v. KM Indus., Inc*., 980
12 F.3d 694, 699 (9th Cir. 2020). And where the moving party makes a factual challenge to the
13 court's subject matter jurisdiction by offering affidavits or other evidence in support of the
14 motion, the opposing or non-moving party must present similar evidence "necessary to satisfy the
15 burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v.*
16 *City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). If the nonmoving party fails to meet its burden
17 and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.
18 Fed. R. Civ. P. 12(h)(3).

19 **III.    JUDICIAL NOTICE**

20 Defendant asks the Court to take judicial notice of certain documents because they are not
21 subject to reasonable dispute and are capable of ready determination through sources whose
22 accuracy cannot be reasonably questioned. (Doc. 16-1 at 2.) Defendant states that because he has
23 supplied the Court with the necessary information, judicial notice is compulsory pursuant to
24 Federal Rule of Evidence 201(c)(2).

25 Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is
26 not subject to reasonable dispute because it: (1) is generally known with the trial court's territorial
27 jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot
28 reasonably be questioned."

3

1    Defendant requests that this Court take judicial notice of following documents:

2    1. Exhibit A: A declaration authenticating the records contained in Exhibits B and C
3    2. Exhibit B: Rules Violation Report ("RVR") log number 7086211 concerning
4    possession of a cellular telephone issued against Plaintiff, issued May 11, 2021, and
5    heard May 24, 2021
6    3. Exhibit C: Rules Violation Report ("RVR") log number 7086211 concerning
7    possession of a cellular telephone issued against Plaintiff, reissued July 22, 2021, and
8    reheard August 20, 2021
9    4. Exhibit D: A declaration authenticating records contained in Exhibits E and F
10   5. Exhibit E: Plaintiff's grievance challenging the May 24, 2021, disciplinary hearing
11   result for log number 7086211, submitted June 17, 2021
12   6. Exhibit F: Grievance Claims Decision response log number 130475, issued July 7,
13   2021, approving Plaintiff's grievance.

(Doc. 16-1.)

Judicial notice can be taken of the official records of the California Department of Corrections and Rehabilitation. *See Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2004). Federal courts have recognized that RVRs fall within the category of public records subject to judicial notice. *See, e.g.*, *Jones v. Harrington*, No. 1:10-CV-00212-AWI-GSA, 2010 WL 3341597, at *1 (E.D. Cal. Aug. 24, 2010) (taking judicial notice of RVR in habeas proceeding); *Givens v. Miller*, No. 15CV2877-GPC (PCL), 2017 WL 840658, at *2 (S.D. Cal. Mar. 3, 2017) (taking judicial notice of two dispositions of disciplinary hearings for two separate RVRs), aff'd, 708 F. App'x 354 (9th Cir. 2017). Taking judicial notice of an RVR does not, however, mean that the factual allegations contained in an RVR are deemed to be true. A court cannot generally take judicial notice of the underlying "factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial

4

notice"), overruled on other grounds, *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *Clark v. Citizens of Human., LLC*, 97 F. Supp. 3d 1199, 1202 (S.D. Cal. 2015) ("While a court may take judicial notice of the existence of matters of public record, such as a prior order or decision, it should not take notice of the truth of the facts cited therein," citation & internal quotation marks omitted).

The Court takes judicial notice of the existence and contents of Exhibits A through F, including the RVR and Disciplinary Hearing Results, and expresses no opinion as to the truth of the facts asserted therein. *M/V Am. Queen*, 708 F.2d at 1491; *Clark*, 97 F. Supp. 3d at 1202.

### IV. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff asserts that on May 4, 2021, a mass housing unit search was conducted at Kern Valley State Prison ("KVSP"). Plaintiff stats he was located at the Correctional Treatment Center ("CTC") and shared a cell at KVSP with another inmate. During the unit search, a cellular phone was found in Plaintiff's shared cell, and he was charged with constructive possession of a cellular phone.

On May 24, 2021, a rules violation hearing was conducted by Defendant McNutt. Plaintiff contends McNutt refused to allow him to call his cellmate as a witness who would have testified that Plaintiff had no knowledge of the cellular phone. Plaintiff was found guilty of constructive possession of a cellular phone. Plaintiff contends he was deprived of "yard, exercise, family visiting, property for six months." Plaintiff states he was placed on C-status and denied access to "productive, rehabilitative and drug treatment programs." On June 17, 2021, Plaintiff filed a grievance regarding the guilty finding alleging lack of knowledge of the cellular phone, the refusal to permit him to call witnesses, and "not including" his relevant questions. Plaintiff states the grievance was granted at the third level, resulting in a finding that Plaintiff was improperly denied witness testimony and ordering a new hearing.

Plaintiff contends that on August 20, 2021, Defendant Gutierrez conducted a hearing on "the reissued rule violation." Plaintiff alleges he was again precluded from calling his witness. The same penalties consisting of restricted yard, exercise, property, and family-visit privileges were assessed following the rehearing. Plaintiff states that when he asked Gutierrez why he was

being penalized again, Gutierrez replied, "'You should not have wrote that 602. Next time you won't 602 things. You have to learn a lesson.'" Plaintiff contends Gutierrez was retaliating against him for filing a grievance. Plaintiff's penalties following rehearing included a loss of family visits for five years, C-status, loss of personal property, restricted canteen, and "no self help programs, drug treatment programs, removal from those programs that inspire and motivate rehabilitation." Finally, Plaintiff contends Gutierrez's retaliation did not serve any penological purpose.

Plaintiff next contends that Defendant McNutt falsified a document during the first disciplinary hearing, including a statement purportedly made by Plaintiff that the cellular phone found belonged to Plaintiff's "celly." Plaintiff denies making the statement and contends McNutt falsely attributed the statement to Plaintiff to help find Plaintiff guilty. Plaintiff states McNutt denied him the right to call his witness who would have testified that Plaintiff had no knowledge of the cell phone. Plaintiff contends McNutt further falsified the hearing documentation by stating Plaintiff had no witnesses and there were no statements by a witness. Plaintiff alleges McNutt was "caught in a lie" when the rules violation was overturned on appeal. Plaintiff contends "the prison and McNutt refused to accept that the 115 had been overturned," and Plaintiff has suffered "all the punishment as if the 115 had not been overturned." Plaintiff contends his due process rights were violated and he was deprived "all over again, deprived of yard, exercise, family visiting, property for 6 months, placed on C-status as continuing, denial all access to productive, rehabilitative and drug treatment programs." Plaintiff contends the drug treatment program was working for him, but he began "to decline after McNutt and Gutierrez decided to penalize" him "for a falsified document."

**V.     SUMMARY OF THE PARTIES' POSITIONS**

*Defendant McNutt's Motion to Dismiss*

Defendant McNutt contends Plaintiff's only claim against him concerns an alleged due process violation arising out of the first RVR hearing but because the RVR was reissued and reheard, any procedural violations occurring at the first hearing were corrected by the second RVR hearing. (Doc. 16-2 at 5.) Defendant also contends the penalties assessed at the second RVR

1    hearing were reduced to account for the penalties already incurred at the first RVR hearing,
2    making Plaintiff's claim against McNutt moot. (*Id*.)
3          Defendant contends that the due process violation that occurred at the first RVR hearing—
4    denying Plaintiff the right to call a witness—was corrected at the second RVR hearing when
5    Plaintiff's witness, Inmate Tran, testified and was questioned by Plaintiff and Defendant
6    Gutierrez. (Doc. 16-2 at 6-7.) Plaintiff was therefore afforded the due process to which he was
7    entitled. (*Id*. at 7.) The penalties assessed at the second RVR hearing were also "adjusted to
8    account for penalties already incurred." (*Id*.) Since none of those facts are subject to genuine
9    dispute, Defendant contends Plaintiff's claim against him is moot and should be dismissed
10   without leave to amend. (*Id*.) Defendant asks the Court to grant the motion to dismiss and to
11   dismiss Plaintiff's claims against him with prejudice. (*Id*. at 8.)

           ***Plaintiff's Opposition***

13         Plaintiff contends Defendant's allegations in the motion to dismiss "fail to take into
14   account that among other things by the time of the rehearing Plaintiff had already been required
15   to serve the brunt of the sanctions imposed from the initial hearing." (Doc. 27 at 2.) Plaintiff
16   asserts that "as a matter of law defendant McNutt's falsification of the record is not remedied and
17   count not be remedied or mooted by a rehearing." (*Id*.) Plaintiff contends the constitutional
18   violation he has alleged "could not be repaired, much less rendered moot, by the rehearing
19   inasmuch as the rehearing was not conducted until August 20, 201 – Approximately 90 days after
20   the initial hearing – and Plaintiff had by that time already served much of the penalties imposed at
21   the initial hearing." (*Id*. at 4.) Plaintiff also asserts Defendant falsely attributed the statement "'[i]t
22   was my cell mates [sic] phone'" to Plaintiff, knowing it could result in Plaintiff being labeled a
23   "snitch" by other inmates. (*Id*. at 5.) Plaintiff contends those actions were "not ameliorated by a
24   rehearing and should not foreclose Plaintiff from seeking damages for such action." (*Id*.)
25         Plaintiff further contends he was found guilty of constructive possession of the cell phone
26   but that at both the first and second RVR hearings the incorrect standard was applied because "the
27   offense is comprised of two (2) elements: knowledge and control." (Doc. 27 at 5.) Plaintiff
28   contends that because Inmate Tran testified Plaintiff had no knowledge of the cell phone and

1    Plaintiff "was not event present during the mass cell search," he could not be found guilty of
2    constructive possession. (*Id*. at 5-6.)
3          Plaintiff contends the requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974) and
4    *Superintendent v. Hill*, 472 U.S. 445 (1985) were not met at either the first or second RVR
5    hearing because "there is no recorded reason that supports disregarding witness Tran's testimony,
6    nor Plaintiff's plea and statement; the record is void of any indication that the required knowledge
7    and control standard of review was applied or correctly applied, and; the record is void of 'some
8    evidence' that may support the finding of guilt." (Doc. 27 at 6.) Plaintiff asks the Court to deny
9    Defendant's motion. (*Id*. at 7.)

10                   ***Defendant's Reply***

11         Defendant contends that Plaintiff was credited for penalties already imposed as a result of
12   the first RVR hearing and was not subjected to any additional penalties as a result of the second
13   RVR hearing. (Doc. 29 at 2.) At both RVR hearings, Plaintiff received a 90-day credit loss and a
14   five-year loss of family visitation and the penalties were to run from May 21, 2021. (*Id*.)
15   Therefore, Plaintiff's argument that he had served "the brunt of the sanctions imposed from the
16   initial hearing" is unavailing. (*Id*.)
17         Regarding Plaintiff's contention that the second RVR hearing did not remedy the first
18   RVR hearing because Defendant McNutt allegedly falsified records during the first disciplinary
19   hearing, Defendant contends that "[b]ecause Plaintiff does not have a cognizable claim arising
20   from falsified documents and because falsified documents cannot serve as the basis of a due
21   process claim, Plaintiff's contention that the rules violation was based on falsified documents is
22   irrelevant." (Doc. 29 at 2-3.)
23         Regarding Plaintiff's contention that the "'knowledge and control test'" was not properly
24   applied, Defendant contends Plaintiff did not bring that claim in his complaint, nor did the Court
25   screen such a claim. (Doc. 29 at 3.) Defendant contends the only claim against him is a due
26   process claim raising from the denial of a witness at the first RVR hearing. (*Id*.) Defendant
27   contends Plaintiff's argument that Defendant Gutierrez improperly found Plaintiff guilty of
28   constructive possession of a cell phone at the second RVR hearing because the wrong standard

8

was applied is irrelevant because Defendant Gutierrez is not a party to this motion. (*Id.*)

Defendant asserts the due process violation occurring at the first RVR hearing was cured at the second RVR hearing because Plaintiff was allowed to present his witness, and his due process claim against Defendant McNutt is moot and must be dismissed with prejudice. (Doc. 29 at 3-4.)

## VI. SUMMARY OF THE FIRST AND SECOND DISCIPLINARY HEARINGS

The Court adopts the following unopposed[1] summary of the disciplinary hearings at issue in this action:

> On May 11, 2021, Plaintiff was charged with a rules violation report for possession of a cell phone. On May 24, 2021, a disciplinary hearing on the RVR was held before Senior Hearing Officer Defendant McNutt. Plaintiff pled not guilty and made a statement. Defendant McNutt considered Officer Swanson's RVR and a photograph of the contraband taken following the search. Defendant McNutt found Plaintiff guilty as charged and assessed 90 days credit loss, 90 days lost phone privileges, 90 days lost yard recreation privileges, 90 days lost packages privileges, and loss of family visits for five years. Associate Warden Goree, the Chief Disciplinary Officer, affirmed the hearing results and penalties.
>
> In a CDCR 602 form dated June 17, 2021, Plaintiff grieved that his due process rights were violated at the May 24, 2021 initial hearing because Defendant McNutt did not include Plaintiff's witness, inmate Tran, "in [Plaintiff's] final copy." Plaintiff requested that the RVR "be vacated, re-issued and re-heard so that appellant's due process right [sic] are upheld[.]"
>
> On July 7, 2021, CDCR approved Plaintiff's grievance. The Grievance Claims Decision Response stated that Plaintiff "requested his cellmate (Inmate TRAN, F98698) as a witness[,]" but "[a] review of the DHR [Disciplinary Hearing Report] does not note that the [Plaintiff's] requested witness was questioned nor is it documented as to why the aforementioned requested witness was not questioned or made available at the Disciplinary Hearing." CDCR vacated the original disposition and ordered a new hearing.
>
> On August 20, 2021, the RVR was reheard before Senior Hearing Officer Defendant Gutierrez. Contrary to Plaintiff's allegation, Plaintiff's request to present inmate witness Tran (CDC# F98698) was granted. Inmate Tran was asked the following question by Plaintiff, and inmate Tran provided the following response:
>
> Q1. Did I have any knowledge of the cellphone?

---

[1] *See* Doc. 27 at 2 (Plaintiff's opposition adopts Defendant's summary of these proceedings).

>    A1. No
>
> Defendant Gutierrez asked inmate Tran the following questions, and inmate Tran provided the following responses:
>
>    Q1. How long did you have the cell phone in your possession?
>
>    A1. Only one week
>
>    Q2. Where was the cell phone kept (location)?
>
>    A2. Under the chair
>
> Plaintiff pled not guilty to the charge and submitted a written statement. Defendant Gutierrez found Plaintiff guilty of the lesser included charge of constructive possession of a cell phone.
>
> In reaching this decision, Defendant Gutierrez considered "[a]ll evidence" including "all evidence and statements provided during the hearing" and the "RVR written by the reporting employee[.]" Defendant Gutierrez specifically found that three pieces of evidence supported the finding: (1) "[t]he location of the cell phone made it easily accessible by both inmates housed in the cell[;]" (2) witness Tran's testimony that "the cellular phone was in the cell for a time frame extended past a few days[;]" and (3) the cellular phone was located in the same place Plaintiff has used in the past "to conceal his possession of contraband."
>
> Defendant Gutierrez assessed 90 days credit loss, 90 days lost phone privileges, 90 days lost day room privileges, and a loss of family visits for five years beginning on May 24, 2021, and ending on May 24, 2026. Associate Warden Stark, the Chief Disciplinary Officer, vacated Defendant Gutierrez's disposition regarding phone and day room privileges as "these were taken on initial RVR." Accordingly, the only penalties assessed at the August 20, 2021 re-hearing were 90 days credit loss and a loss of family visits for five years beginning on May 24, 2021, and ending on May 24, 2026.

(Doc. 16-2 at 3-5, internal citations omitted.)

**VII. DISCUSSION**

**A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Fourteenth Amendment Claim Against Defendant McNutt**

Defendant McNutt contends Plaintiff's Fourteenth Amendment claim lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Thornhill*, 594 F.2d at 733. In this factual attack on Plaintiff's due process claim, evidence beyond the complaint is considered and the burden to demonstrate subject matter jurisdiction is on Plaintiff, the party asserting the claim. *St. Clair*, 880 F.2d at 201.

10

**B. Analysis**

Defendant has established that any procedural due process violation arising from the first RVR hearing was corrected because the RVR was reissued and reheard at the second RVR hearing that included testimony by Plaintiff's inmate witness. (Doc. 16-1 at 4-48 [Exhibits A-C].) *See Frank v. Schultz*, 808 F.3d 762, 763 (9th Cir. 2015) (no deprivation of due process rights where procedural error was corrected through the administrative appeal process); *see also Torricellas v. Poole*, 954 F. Supp. 1405, 1414 (C.D. Cal. 1997) ("Where a procedural error has been corrected in the administrative process, as it was here, there has been no compensable due process violation. The administrative appeal is considered part of the process afforded, and any error in the process can be corrected during that appeals process without necessarily subjecting prison officials to liability for procedural violations at lower levels"), affirmed, 141 F.3d 1179 (9th Cir. 1998) (unpublished disposition); *Edwards v. Lamas*, No. 2:19-cv-1907 MCE CKD P, 2020 WL 1812135, at *3 (E.D. Cal. Apr. 9, 2020) ("Although plaintiff alleges that he lost good-time credits as a result of the disciplinary and that Lamas denied his request for witnesses, he also alleges that the guilty finding was reversed on appeal. There is no due process violation if 'any procedural error was corrected through the administrative appeal process,' citing *Frank v. Schultz*); *King v. Jauregui*, No. 2:18-cv-09649-DOC (GJS), 2019 WL 6312574, at *7 (C.D. Cal. Oct. 4, 2019) ("The law is clear: when a procedural error occurs at a disciplinary hearing that later is corrected through the administrative appeal process, no due process violation exists that can serve as a basis for Section 1983 relief. Any procedural due process violation committed by Soisuvarn was corrected by Plaintiff's successful Third Level appeal. As a result, the sole claim alleged against Soisuvarn fails to state a basis upon which relief can be granted"); *Shotwell v. Brandt*, No. C 10-5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) ("California state prison regulations allow for the reissuance and rehearing of disciplinary charges after a prior hearing is found procedurally inadequate. … This complies with the demands of federal due process, which requires that a violation of procedural due process be corrected procedurally, not by reinstatement of the substantive right. That is, the remedy for an unfair hearing is another hearing," citing *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991));

11

1    *see also Green v. Parks*, No. 14-0857 (ADM/BRT), 2015 WL 6667722, at *2 (D. Minn. Oct. 30,
2    2015) (no due process violation where minor disciplinary hearing was corrected by superseding
3    major disciplinary hearing and same penalties were imposed).

4    Other Circuit Courts have reached the same conclusion that the reversal of an
5    administrative guilty finding on appeal is part of the due process afforded a prisoner and erases
6    any lower-level procedural errors. *See, e.g.*, *Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996)
7    ("[T]he [administrative] reversal of the case against Wycoff constituted part of the due process
8    Wycoff received, and it cured the alleged due process violation based on the [prison] disciplinary
9    committee's initial decision to sanction Wycoff"); *Morrisette v. Peters*, 45 F.3d 1119, 1122 (7th
10   Cir. 1995) ("There is no denial of due process if the error the inmate complains of is corrected in
11   the administrative appeal process. The administrative appeal process is part of the due process
12   afforded prisoners"); *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) ("[T]he state may
13   cure a procedural deprivation by providing a later procedural remedy; only when the state refuses
14   to provide a process sufficient to remedy the procedural deprivation does a constitutional
15   violation actionable under section 1983 arise"); *Young v. Hoffman*, 970 F.2d 1154, 1156 (2d Cir.
16   1992) (per curiam) ("[W]e need not decide whether Young suffered a denial of due process in
17   connection with his disciplinary hearing, because ... [t]he administrative reversal constituted part
18   of the due process protection he received, and it cured any procedural defect that may have
19   occurred").

20   Plaintiff's claim against Defendant McNutt concerns the first RVR hearing and its results.
21   However, the due process violation of which Plaintiff complains—that McNutt did not permit his
22   cellmate Tran to testify at the disciplinary hearing—was remedied by the fact the RVR was
23   reissued and reheard following the grant of Plaintiff's grievance. (Doc. 16-1 at 49-66 [Exhibits D-
24   F].) *Frank*, 808 F.3d at 763; *Torricellas*, 954 F. Supp. at 1414; *Shotwell*, 2012 WL 6569402, at
25   *3.

26   The Court also agrees that Plaintiff was not subject to any additional penalties as a result
27   of the second RVR hearing. Defendant has established that at the first and second RVR hearing,
28   Plaintiff was subjected to a 90-day credit loss and a five-year loss of family visits. (*Cf.* Doc. 16-1

12

at 24-25 to Doc. 16-1 at 46-48.) Whether imposed at the first RVR hearing or the second RVR hearing, those penalties were accessed as of May 24, 2021. Therefore, no new penalties were imposed following the second RVR hearing; the same credit loss and family visit penalties were instead assessed.

Plaintiff's assertions concerning the falsification of documents are also misplaced. The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983"); *see also Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns")[2]; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections ...."); *Ellis v. Foulk*, No. 14–cv–0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement[ ] ....,'"quoting *Hanrahan*, 747 F.2d at 1140). As the Court found in its First Screening Order concerning Plaintiff's due process claim against Defendant McNutt, "as to [the falsification of the rules violation report] portion of Plaintiff's claim, there is 'some evidence' in the record which supports the decision of the hearing officer…namely, the report by the official who conducted the cell search and the physical cellular phone evidence—Plaintiff cannot state a due process

---

[2] Here, Plaintiff's retaliation claim (claim one) concerns Defendant Gutierrez, not Defendant McNutt.

13

1 violation on this basis." (Doc. 9 at 7.) A false RVR does not state a due process claim on its own.
2 There was also some evidence to support the Disciplinary Hearing Results despite any false RVR
3 because the phone was found in a shared cell.

4 Finally, Plaintiff's argument that the incorrect legal standard concerning "knowledge and
5 control" was applied at the first and second RVR hearing lacks merit. As noted by Defendant
6 McNutt, Plaintiff's complaint includes no such allegation. Moreover, Plaintiff's own citation to
7 "Title 15, California Code of Regulations (15 CCR) section 3000" states that the definition of
8 "constructive possession" is "Constructive Possession exists where a person has knowledge of an
9 object and control of the object *or the right to control the object, even if the person has no*
10 *physical contact with it*." (*See* Doc. 27 at 5, italics added.) Thus, even assuming Plaintiff had no
11 knowledge of the phone in the cell he shared with Inmate Tran, Plaintiff could properly be found
12 guilty of constructive possession of the cell phone because as an occupant of that cell Plaintiff
13 had the "right to control the object."

### C. Summary

15 In sum, Defendant McNutt's motion to dismiss pursuant to Rule 12(b)(1) of the Federal
16 Rules of Civil Procedure should be granted because Plaintiff fails to demonstrate that this Court
17 has subject matter jurisdiction over his claim against Defendant McNutt. *Harris*, 980 F.3d at 699;
18 *St. Clair*, 880 F.2d at 201.

### VIII. CONCLUSION AND RECOMMENDATION

20 Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:
21 1. Defendant McNutt's motion to dismiss (Doc. 16) be **GRANTED**;
22 2. Plaintiff's Fourteenth Amendment claim against Defendant McNutt be **DISMISSED**
23    with prejudice; and
24 3. Defendant McNutt be **DISMISSED** from this action.

25 These Findings and Recommendations will be submitted to the district judge assigned to
26 this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these
27 Findings and Recommendations, a party may file written objections with the Court. The
28 document should be captioned, "Objections to Magistrate Judge's Findings and

14

Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 25, 2024**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE