1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   LY TRI,                                    Case No.: 1:22-cv-00836-KES-SKO (PC)

12                    Plaintiff,

                                                ORDER ADOPTING FINDINGS AND
13          v.                                  RECOMMENDATIONS TO GRANT
                                                DEFENDANT MCNUTT'S MOTION TO
14   C. GUTIERREZ, et al.,                      DISMISS

15                    Defendants.               Docs. 16, 32

16

17

18

19          Plaintiff Ly Tri is proceeding pro se in this civil rights action brought pursuant to 42

20   U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28

21   U.S.C. § 636(b)(1)(B) and Local Rule 302.

22          Plaintiff commenced this action on July 8, 2022.  Doc. 1.  After the assigned magistrate

23   judge screened the complaint and ordered service of process, the action proceeded on plaintiff's

24   First Amendment retaliation claim against defendant D. Gutierrez and Fourteenth Amendment

25   due process claim against defendant McNutt ("McNutt").  Docs. 9, 10.  On July 26, 2023, McNutt

26   filed a motion to dismiss.  Doc. 16.  The motion to dismiss is fully briefed.  Doc. 27 ("Opp'n");

27   Doc. 29 ("Reply").  On April 25, 2024, the assigned magistrate judge issued findings and

28   recommendations recommending that McNutt's motion to dismiss be granted.  Doc. 32.

1  Specifically, the magistrate judge recommended plaintiff's Fourteenth Amendment due process

2  claim against McNutt be dismissed and that McNutt be dismissed from the action. *Id.* at 6–14.

3  Following an extension of time, plaintiff filed objections on June 20, 2024. Doc. 35. McNutt

4  filed a response to the objections on June 24, 2024. Doc. 36.

5  In his objections, plaintiff contends the magistrate judge erred in taking judicial notice of

6  redacted prison records because, in the supporting declaration, the California Department of

7  Corrections and Rehabilitation's ("CDCR") custodian of records purported to authenticate only

8  unredacted versions of those records. *See* Doc. 35 at 3; Doc. 16-1 at 5. Plaintiff contends the

9  magistrate judge's judicial notice of the documents was improper because they contain

10  redactions. Doc. 35 at 3–4. Plaintiff also disputes the magistrate judge's substantive findings.

11  First, plaintiff disagrees that the subsequent disciplinary hearing rendered moot any due process

12  violation that occurred in the initial disciplinary hearing. *Id.* Second, he objects to the dismissal

13  of his claim that McNutt submitted false evidence against him in his initial hearing. *Id.* at 4.

14  Last, plaintiff objects to the finding that there was sufficient evidence to support his guilt in the

15  second disciplinary hearing and contends that the hearing officer applied the wrong legal

16  standard. *Id.* at 5. In response, McNutt notes that plaintiff's arguments were previously

17  addressed by the parties in the underlying briefing on the motion to dismiss and were correctly

18  considered by the magistrate judge in the findings and recommendations. *See generally* Doc. 36.

19  In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this

20  case. Having carefully reviewed the matter, including plaintiff's objections and McNutt's

21  response, the Court concludes the findings and recommendations are supported by the record and

22  proper analysis.

23  Plaintiff's objections do not undermine the magistrate judge's conclusions. McNutt's

24  motion to dismiss asserts that the Court lacks subject matter jurisdiction over plaintiff's due

25  process claim against him. Doc. 16-2 at 5. "[W]here the moving party makes a factual challenge

26  to the court's subject matter jurisdiction by offering affidavits or other evidence in support of the

27  motion, the opposing or non-moving party must present similar evidence 'necessary to satisfy the

28  burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *St. Clair v.*

1    *City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  Plaintiff has not identified disputed factual

2    issues that preclude the Court's determination of its subject matter jurisdiction.  While plaintiff

3    argues that the magistrate judge should not have taken judicial notice of the CDCR records

4    because they were (minimally) redacted, plaintiff provided many of those same records in

5    unredacted form in his own complaint.  *See generally* Doc. 1.  Moreover, the custodian

6    authenticated the records in unredacted form and a court may take judicial notice of such official

7    CDCR records.  *See Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2004).  Therefore, plaintiff's

8    first objection lacks merit.

9        The magistrate judge also correctly determined that the alleged due process violation in

10    plaintiff's first disciplinary hearing was cured through the administrative appeals process, which

11    resulted in a second disciplinary hearing at which plaintiff's requested witness was allowed to

12    testify.  *See Frank v. Schultz*, 808 F.3d 762, 763 (9th Cir. 2015) (holding procedural errors may

13    be corrected through the prison appeals process).  Plaintiff also contends McNutt falsified

14    documents in connection with the first disciplinary hearing and attributed a statement to him that

15    plaintiff denies having made.  Doc. 1 at 4.  As the magistrate judge correctly determined,

16    however, a false allegation against a prisoner does not independently support a section 1983 claim

17    where any procedural deficiency in the first hearing was cured through the administrative appeal

18    process.

19        Last, plaintiff challenges the merits of his guilty conviction in the second disciplinary

20    hearing, contending he could not have had constructive possession of the contraband cellphone,

21    but this argument does not establish a procedural due process claim.  The federal Constitution

22    does not require evidence that logically precludes any conclusion but the one reached by the

23    disciplinary board.  *Superintendent v. Hill*, 472 U.S. 445, 456–57 (1985).  All that is necessary is

24    that "some evidence" support the hearing officer's conclusion.  *Id.*  Here, among other evidence,

25    the hearing officer relied on the reporting officer's observation that the contraband was located

26    "on the chair of the inmate desk" in plaintiff's shared cell, and "[t]he location of the cell phone

27    made it easily accessible by both inmates housed in the cell."  Doc. 1 at 11.  "Even just one piece

28    of evidence may be sufficient to meet the 'some evidence' requirement, if that evidence has

1   sufficient indicia of reliability." *Bruce v. Yslt*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Cato v.*

2   *Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (stating the "relevant question is whether there is *any*

3   evidence in the record that *could* support the conclusion reached by the disciplinary board)

4   (emphasis in original).  The evidence relied upon by the hearing officer is sufficient to meet the

5   *Hill* standard.  *See,* e.g., *Dickerson v. Foulk*, Case No.  2:14-cv-0731 WBS CKD P, 2014 WL

6   6612094, at *3 (E.D. Cal. Nov. 20, 2014) (finding inmates' shared access to a place where

7   contraband was stored sufficient to establish constructive possession and culpability); *Lucas v.*

8   *Janda*, Case No. 15cv1923 AJB (BLM), 2016 WL 4196654 (S.D. Cal. Aug. 9, 2016) (same).

9       Therefore, the findings and recommendations appropriately found that the Court lacks

10  subject matter jurisdiction over plaintiff's due process claim against defendant McNutt.

11      Accordingly:

12      1.  The Findings and Recommendations issued on April 25, 2024 (Doc. 32) are

13          ADOPTED in full;

14      2.  Defendant McNutt's motion to dismiss (Doc. 16) is GRANTED.

15      3.  Plaintiff's Fourteenth Amendment due process claim against Defendant McNutt is

16          DISMISSED;

17      4.  Defendant McNutt is DISMISSED from this action; and

18      5.  This matter is referred back to the assigned magistrate judge for further proceedings.

19

20

21  IT IS SO ORDERED.

22      Dated:   _June 6, 2025_

                                            _____
23                                          UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                        4